# EXHIBIT C

1/5/2017 6:30:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14591759
By: Monica Ovalle
Filed: 1/5/2017 6:30:59 PM

**2017-00953 / Court: 113**

No. _____

| | | |
|---|---|---|
| WALTER ALLEN | § § § | IN THE _____ JUDICIAL |
| VS. | § § | DISTRICT COURT OF |
| RUTH'S HOSPITALITY GROUP, INC. D/B/A RUTH'S CHRIS STEAK HOUSE | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, WALTER ALLEN, Plaintiff and files his Original Petition and Request for Disclosure, complaining of RUTH'S HOSPITALITY GROUP, INC. d/b/a RUTH'S CHRIS STEAK HOUSE, Defendant, and for cause of action shows:

### Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2 and affirmatively pleads that he seeks monetary relief of $100,000 or less and nonmonetary relief.

### Parties and Service of Citation

2. Plaintiff, Walter Allen, individual, is a resident of Houston, Harris County, Texas.

3. Defendant, Ruth's Hospitality Group, Inc. d/b/a Ruth's Chris Steak House, a foreign corporation doing business in Houston, Harris County, Texas, may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers

Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701 by Certified Mail, Return Receipt Requested.

### Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this petition and the parties to this cause of action.

5. Venue is proper because the events giving rise to these claims occurred in Harris County, Texas and Defendant's place of business is located in Harris County, Texas.

### Preliminary Facts

6. In May 2015, Plaintiff, an African American male, began eating at Defendant's restaurant located at 5433 Westheimer Road, Suite 100, Houston, Texas 77056. Plaintiff's favorite entrée was the Prime Steak Burger. On one occasion, one of Defendant's managers and/or employees, who is Asian, informed Plaintiff that he could not eat the Prime Steak Burger in the dining room. At the same time, Plaintiff observed an older, Caucasian couple eating the same entrée in the dining room. After speaking to the Asian manager and/or employee, he informed Plaintiff that he would agree to this "exception to policy" this one time.

7. Following a conversation with another manager, Plaintiff was informed that there was no policy regarding eating the Prime Steak Burger in the dining room. The next time Plaintiff saw the Asian manager, he relayed the conversation about there being no policy. The Asian manager informed Plaintiff that the policy changed back to no Prime Steak Burgers in the dining room. To avoid further uncomfortable scenes with the Asian manager because he was eating the Prime Steak Burger in the dining room, Plaintiff decided to order his food to go.

8. When Plaintiff placed his order to go, he would use the name Charles Henson for security reasons. His Prime Steak Burger order was no mustard, lettuce, and mayo, additional cheese, grilled onions, and sautéed mushrooms. Plaintiff is severely allergic to mustard and lettuce. Additionally, Plaintiff was charged an extra $4.00 for an additional slice of cheese and grilled onions and sautéed mushrooms. Plaintiff would send his order back when there was mustard and/or lettuce and/or one slice of cheese. On one occasion, a Caucasian waitress opened Plaintiff's Prime Steak Burger with her bare hands and pointed to the speck of cheese that was supposed to be the second slice of cheese. On another occasion, the mustard and/or lettuce was wiped off and returned to Plaintiff without being redone.

9. In late February/early March 2016, Plaintiff and a friend went to Defendant for Happy Hour. Jason Perkins, a Caucasian General Manager, was working the bar. Plaintiff ordered three Prime Steak Burgers to go, but was not charged the Happy Hour price, even though he was eating at the bar. Since Mr. Perkins had a demeaning tone and attitude, Plaintiff decided to pay the regular price for the Prime Steak Burgers. However, Plaintiff noticed he was over charged. Mr. Perkins informed Plaintiff that the Prime Steak Burger went up $2.00. Since the price of the Prime Steak Burger was not listed on its menu, it was a "pay as we say" scenario. Plaintiff had no problem with the increased price of the Prime Steak Burger; however, he did not want to be overcharged.

10. After making Mr. Perkins aware of his concerns, Mr. Perkins stated "You got extra cheese." Plaintiff informed Mr. Perkins that he did not understand what Plaintiff was stating. Mr. Perkins responded loudly to Plaintiff "Are you freaking stupid? What part do you not understand? Do you need me to give you $4.00?" Plaintiff was offended by his remarks and

3

politely told him to keep the food. Mr. Perkins threw the order in the trash with such force that it continued to cause a scene. Plaintiff's friend paid for his meal and they left.

11. After the incident, Plaintiff contacted Defendant's corporate office and could not speak to anyone about a complaint. After several messages and calls, Plaintiff received a voicemail from Brian Flannery on or about March 28, 2016. Plaintiff returned Mr. Flannery's call, relayed the incident that occurred between Mr. Perkins and himself, and informed him that he wanted to file a complaint. Mr. Flannery told Plaintiff he would look into the situation and get back to Plaintiff. Plaintiff never heard from Mr. Flannery.

12. After not returning to Defendant for a while, Plaintiff returned and placed a to go order on or about May 14, 2016. Everything was fine. On or about June 13, 2016, Plaintiff attempted to place a to go order, but was immediately told by the hostess that she could not take his order. Plaintiff was informed that he could not be served, his name was on a list, and she would get the manager. The manager Jeff informed Plaintiff that Mr. Perkins instructed him not to serve Plaintiff by telephone or in person. Plaintiff was told that he was refused service because there was always a problem with his order. Jeff informed Plaintiff that his directives came from Mr. Perkins.

## Federal Law Causes of Action

### Violation of 42 U.S.C. §1981

13. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

14. The acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute a violation of 42 U.S.C. §1981(a).

15. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, treated Plaintiff differently in a place of public accommodation because of race. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that it extends to all other similarly situated customers.

16. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the opportunity to make and enforce contracts between Plaintiff and Defendant at its place of public accommodation on the basis of his race. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation on the basis of his race. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

**Violation of 42 U.S.C. §2000a**

17. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

18. Defendant is a place of public accommodation within the meaning of 42 U.S.C. §2000a(b)(2). The operation of each location of Defendant affects commerce within the meaning of 42 U.S.C. §2000a(c)(2).

19. The acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute a violation of 42 U.S.C. §2000a(a).

20. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, treated Plaintiff differently in a place of public accommodation because of race.

Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that it extends to all other similarly situated customers.

21. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation on the basis of his race. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

22. Additionally, the acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute a violation of 42 U.S.C. §2000a-2.

23. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, treated Plaintiff differently in a place of public accommodation because of race. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that it extends to all other similarly situated customers.

24. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, attempted and/or withheld, denied, or deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation on the basis of his race. Defendant, by and through its managerial employees, servants, and/or agents, attempted and/or intimated, threatened, or coerced subordinate employees, servants, and/or agents to withhold, deny, or deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodation of its place of public accommodation on the basis of his race. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, attempted and/or punished Plaintiff for exercising his right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation on the basis of his race. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

### Violation of 42 U.S.C. §12181 *et seq.*

25. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

26. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. §12102(1). Plaintiff is substantially limited in performing one or more major life activities within the meaning of 42 U.S.C. §12102(2). Defendant is a place of public accommodation within the meaning of 42 U.S.C. §12181(7)(B). The reasonable accommodation sought by Plaintiff is readily achievable within the meaning of 42 U.S.C. §12181(9).

27. The acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute a violation of 42 U.S.C. §12182.

28. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, treated Plaintiff differently in a place of public accommodation because of race. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the use and enjoyment of the benefits, privileges, terms, and conditions that it extends to all other similarly situated customers.

29. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of its place of public accommodation on the basis of his disability. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, subjected Plaintiff to denial of the opportunity of participation in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation on the basis of his disability.

30. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, subjected Plaintiff to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is not equal to that afforded similarly situated customers on the basis of his disability. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, subjected Plaintiff to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is different or separate from that provided to similarly situated customers on the basis of his disability.

31. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, failed to make reasonable accommodations in its policies, practices, or procedures. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, failed to take steps as may be necessary to ensure that Plaintiff is not excluded, denied services, segregated, or treated differently than similarly situated customers. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

**State Law Causes of Action**

## Negligence

32. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

33. The acts of Defendant constitute negligent hiring, supervision, training, retraining, and/or retention of its managerial and/or subordinate employees, servants, and/or agents. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, failed to follow its policy against discrimination regarding the events made the basis of this suit. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, tolerated and failed to take affirmative action to correct these unlawful practices.

34. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, failed to make reasonable accommodations in its policies, practices, or procedures. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, failed to take steps as may be necessary to ensure that Plaintiff is not excluded, denied services, segregated, or treated differently than similarly situated customers. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

35. In addition, the acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute negligent misrepresentation. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, represented to Plaintiff that there was a policy that the Prime Steak Burger could not be eaten in the dining room. Plaintiff justifiably relied on Defendant's representation when he began taking his Prime Steak Burger to go. Defendant's actions, by and through its managerial and/or

subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

### Intentional Infliction of Emotional Distress

36. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

37. The acts of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, constitute intentional infliction of emotional distress. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents' conduct was intentional and/or reckless and extreme and outrageous. Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, engaged in a course of harassing behavior toward Plaintiff based on his race and/or disability. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause Plaintiff to suffer damages.

### Vicariously Liability

38. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1- 12 of his Original Petition and Request for Disclosures, inclusive and in their entirety.

39. Whenever in this complaint it is alleged that Defendant committed any act and/or omission, it is meant that Defendant, Ruth's Chris Steak House, its officers, agents, servants, employees, and/or representatives, committed such an act and/or omission, and that at the time such act and/or omission was committed, it was done with the full authorization, ratification, and/or approval of Defendant and/or was done in the routine normal course and scope of

employment of Defendant, Ruth's Chris Steak House, its officers, agents, servants, employees, and/or representatives.

### Equitable Remedies

40. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

41. This is an action brought by Plaintiff to enjoin the Defendant's practices of denying individuals, including Plaintiff, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation and treating individuals, including Plaintiff, differently in its place of public accommodation on the basis of his race in violation of 42 U.S.C. §1981 and 42 U.S.C. §2000a.

42. Additionally, this is an action brought by Plaintiff to enjoin the Defendant's practices of denying individuals, including Plaintiff, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of its place of public accommodation, of subjecting individuals, including Plaintiff, to denial of the opportunity of participation in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation, of subjecting individuals, including Plaintiff, to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is not equal to that afforded similarly situated customers, and of subjecting individuals, including Plaintiff, to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is different or separate from that provided to similarly situated customers on the basis of his disability in violation of 42 U.S.C. §12181 *et seq*.

11

### Texas Uniform Declaratory Judgment Act

43. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

44. Plaintiff seeks a declaration under the Texas Uniform Declaratory Judgment Act, §§37.002, *et seq.*, that the foregoing actions of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, violated state law, 42 U.S.C. §1981, 42 U.S.C. §2000a, and 42 U.S.C. §12181 *et seq.*

### Damages

45. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

46. Defendant's actions, by and through its managerial and/or subordinate employees, servants, and/or agents, directly and proximately caused and continue to cause injury to Plaintiff, including but not limited to, severe emotional distress, mental anguish, humiliation, embarrassment, anxiety, sleeplessness, nervousness, stress, loss of enjoyment of life, and the deprivation of his rights to exercise and enjoy equal treatment in service in places of public accommodation without regard for race and/or disability. Plaintiff seeks damages within the jurisdictional limits of the Court.

### Exemplary Damages

47. Plaintiff repeats and re-alleges and incorporates by reference Paragraphs 1 - 12 of his Original Petition and Request for Disclosure, inclusive and in their entirety.

48. Plaintiff's injury resulted from Defendant's gross negligence, fraud, malice, willfulness, and/or wantonness, which entitles Plaintiff to exemplary damages under Texas Civil

Practice & Remedies Code section 41.003(a). Such damages should be in whatever amount deemed appropriate by the trier of fact.

### Attorney's Fees

49. Plaintiff is entitled to recover reasonable and necessary attorney's fees under 42 U.S.C. §2000a-3(b), 42 U.S.C. §12188(a)(1), and TEX. CIV. PRAC. & REM. CODE §37.009.

### Jury Demand

50. Plaintiff demands a jury trial and will tender the appropriate fee.

### Request for Disclosure

51. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISED CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial:

1. Declare that, pursuant to Tex. Civ. Prac. & Rem. Code §§37.002, *et seq.*, the foregoing actions of Defendant, by and through its managerial and/or subordinate employees, servants, and/or agents, violated applicable state law, 42 U.S.C. §1981, 42 U.S.C. §2000a, and 42 U.S.C. §12181 *et seq.*;

2. Enjoin Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of denying Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation of its place of public accommodation on the basis of his race in violation of 42 U.S.C. §1981 and 42 U.S.C. §2000a;

3. Enjoin Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of treating Plaintiff differently in its place of public accommodation on the basis of his race in violation of 42 U.S.C. §1981 and 42 U.S.C. §2000a;

4. Enjoin the Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of denying Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of its place of public accommodation on the basis of his disability in violation of 42 U.S.C. §12181 *et seq.*;

5. Enjoin the Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of subjecting Plaintiff to the denial of the opportunity of participation in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation on the basis of his disability in violation of 42 U.S.C. §1218l *et seq.*;

6. Enjoin the Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of subjecting Plaintiff to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is not equal to that afforded similarly situated customers on the basis of his disability in violation of 42 U.S.C. §12181 *et seq.*;

7. Enjoin the Defendant, its employees, agents, representatives, and/or servants, from engaging in discriminatory practices of subjecting Plaintiff to the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of its place of public accommodation that is different or separate from that provided to similarly situated customers on the basis of his disability in violation of 42 U.S.C. §12181 *et seq.*;

8. Award Plaintiff actual and exemplary damages;

9. Award attorney's fees;

10. Award prejudgment interest and post - judgment interest;

11. Award court costs; and

12. For such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By: /s/ Joseph R. Willie, II, D.D.S, J.D.
Joseph R. Willie, II, D.D.S., J.D.
Texas Bar No. 21633500
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
Telephone: (713) 659-7330
Facsimile: (713) 599-1659
E-mail:

ATTORNEY FOR PLAINTIFF